452

MINORSKY v. THILO.
Patent Appeal No. 3184.

Court of Customs and Patent Appeals.
Feb. 27, 1933.

H. G. Grover, of New York City (Phil L. Rodier and James G. Norton, both of New York City, of counsel), for appellant.

Samuel Ostrolenk, of New York City (Clifton V. Edwards, of New York City, of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office, affirming the decision of the Examiner of Interferences, awarding priority of invention to the senior party, Thilo, in an interference proceeding.

The invention in issue relates to a circuit for amplifying electrical variations. It involves highly technical, scientific subject-matter, and since there is no dispute but that both parties disclose and claim the same invention, it will be regarded as sufficient description of the invention to here copy count 4 of the interference: "Count 4. In an amplification system a plurality of electron tubes each having grid, filament and plate electrodes, a potentiometer arranged to be excited from a power source, taps on said potentiometer connected to said electrodes, means coupling the output circuit of one tube with the input circuit of a succeeding tube, means for compensating for the negative voltage drop in said coupling means, means comprising a tap on said potentiometer for picking off a positive potential for the plate electrode of one of said tubes with respect to the filament potential of the second tube in cascade, whereby said tubes operate to increase the amplitude of current supplied to the first of said tubes in cascade."

The interference involves counts 1, 2, 3, 4, and 5, which are claims taken from Thilo's patent, No. 1,690,881, by the junior party, Minorsky, and made a part of his application filed June 25, 1926.

The Thilo patent had been cited in the Patent Office as a reference against the Minorsky application. After Minorsky copied the claims, the interference was declared, and preliminary statements were filed by both parties. Thilo was a German inventor and in his preliminary statement merely alleged that the invention had been introduced into this country on September 3, 1923. No date of reduction to practice was therein set out. Thilo had filed an application in Germany for the same invention on January 6, 1923, but not having filed the United States application until after one year from that date, claimed no earlier date of conception than the date upon which the invention was introduced into the United States.

After the testimony was taken, Thilo moved to amend his preliminary statement so as to name an earlier date for reduction to practice than his application filing date. This motion was, by the Examiner of Interferences, denied. Thilo was, therefore, restricted to his filing date, December 24, 1924, for his date of reduction to practice.

Minorsky moved to strike out the testimony taken by Thilo on the theory that no testimony tending to show actual reduction to practice was admissible, since there was no claimed date for reduction to practice in Thilo's preliminary statement. The Examiner of Interferences overruled the motion, holding that such testimony was evidence of diligence on the part of Thilo from the date of his conception to the date of filing the application. The ruling of the Examin-

er of Interferences on Thilo's motion to amend and upon Minorsky's motion to strike out the testimony was approved by the board, and, we think, properly so.

The Patent Office tribunals gave Minorsky as his date of conception and reduction to practice, May 31, 1924. Both tribunals held that Thilo was entitled to September 3, 1923, the date when Thilo's German patent disclosure was introduced into this country, as his date of conception. Both tribunals gave Thilo December 24, 1924 (his filing date), as his date of reduction to practice, and also held that Thilo was diligent during the period between such dates.

The basic question involved is the question of Thilo's diligence. Minorsky also makes some contention that, under the record, he is entitled to an earlier date of conception and reduction to practice than May 31, 1924, but we see nothing in the record that would warrant our disturbing the concurring findings of the tribunals in this respect.

Minorsky makes two main contentions here: First, that since the Patent Office tribunals denied Thilo the right to amend his preliminary statement so as to permit proof of actual reduction to practice prior to his filing date, evidence tending to prove actual reduction to practice was incompetent to prove diligence; and, second, that if it was proper to consider such evidence in determining the question of diligence, it was wholly insufficient.

In support of the first contention, Minorsky cites Parker v. Appert, 8 App. D. C. 270; Pope and Mims v. McLean, 1903 C. D. 186; and Bliss v. Creveling, 1904 C. D. 381, and argues that the courts look with suspicion upon this character of testimony. The Patent Office tribunals concurred in holding that Thilo's evidence was competent to show and did show diligence. Evidence tending to prove reduction to practice, or showing an attempt to reduce an invention to practice, which, under the pleadings, must be rejected for the purpose of showing reduction to practice, may be considered on the question of diligence. Hammond v. Basch, 24 App. D. C. 469.

Thilo was entitled to September 3, 1923, the date upon which his invention was introduced into the United States, as his date of conception. Harris v. Stern and Lotz, 1903 C. D. 207; Thomas v. Reese, 1880 C. D. 12. There is no contention to the contrary here.

If he is to be regarded as the first inventor and entitled to priority in this interference proceeding, it is necessary, however, for the record to show that he was diligent from just prior to May 31, 1924, the date of Minorsky's entering the field, to December 23, 1924, when Thilo constructively reduced the invention to practice by filing his application in the United States Patent Office. The Patent Office tribunals held that Thilo was diligent not only during this period, but that he was diligent from September 3, 1923, to the date of filing the application.

Much time in argument and space in briefs are devoted to discussing the various phases of Thilo's evidence in respect to its showing or failing to show diligence. The Examiner of Interferences went into this question in great detail, and pointed out most of the facts and circumstances which tended to show diligence on the part of Thilo. The Board of Appeals, in holding that Thilo had exercised reasonable diligence, discussed the testimony in general terms as follows: "The party Thilo is regarded by us as clearly entitled to the date of September 3, 1923, for conception of the invention. We hold the evidence quite sufficient to establish that Dubilier had in his possession in the 'green volume' a full disclosure of the invention of the issue and that he brought such volume into this country on the above date. In view of the number of different inventions disclosed in that volume and included in the 'group' which were obtained by Dubilier from Dr. Erich F. Guth Ges. m. b. h. the delay in filing the application here involved in the Patent Office was not excessive. The activities of Dubilier's assistants under his direction in setting up the devices of the issue and testing them out in January or February, 1924, indicate diligence on behalf of Dubilier as a party in interest, and since Thilo personally could do nothing in this country and had presumably passed title to the invention it would seem this diligence on behalf of Dubilier should inure to the benefit of Thilo or those now in interest in the invention. The further efforts to improve the hook-up so it could be used with house current took place some time in 1924 and was finally finished about the time or after the Thilo application was filed. There is, as the examiner found, no very clear testimony as to how satisfactory these tests were but they show activity following the date of introduction of the invention into this country, and the fairly prompt filing of the application for patent makes such a record as supports the

holding of reasonable diligence from just prior to the entrance of Minorsky into the field to the date Thilo filed his application."

Since we agree with the concurring findings of the Patent Office tribunals on this question, as well as the reasons which brought them to such conclusions, we can see no good purpose to be served by pointing out in detail and commenting upon all of the different acts and circumstances shown in the Thilo record which we think, when considered as a whole, show diligence.

Thilo was represented in this country by. William Dubilier, a consulting radio engineer. He was president of the Radio Patents Corporation (Thilo's assignee of the patent embodying the invention at bar), and also president of the Dubilier Condenser Corporation, a manufacturer of condensers. It is conceded by the parties that responsibility for reasonable diligence in the particular circumstances heretofore stated, rested upon Dubilier and those who worked under or with him. The fact that he brought into this country on September 3, 1923, something like eighty inventions or disclosures, all of which required attention, should be considered, along with all other facts and circumstances, in order to determine whether appellee was diligent in completing the involved invention. Applications for patents for some of the inventions brought to this country by Dubilier had previously been filed in this country. Applications for patents for at least fourteen of the inventions brought to this country by Dubilier were filed in the United States Patent Office after Dubilier brought them to this country. The difficulty in correspondence, owing to the distance between the foreign inventor and Dubilier, the difference in languages used, requiring translations, the misunderstanding as to who would prepare the application papers, the requirement for detailed drawings by the inventor, and the necessity and advisability of much experimentation and laboratory tests in connection with this highly technical and very important invention, were all circumstances, we think, which were properly considered by the Patent Office tribunals in holding that reasonable diligence had been shown.

The record shows that a number of the acts and circumstances tending to show diligence on the part of Thilo began prior to May 31, but extended over into the seven months' period when diligence was required. During the months of May, June, July, August, and September, the record shows continuous activity either in the way of experimenting with set-ups, in an effort to ascertain the kind of current required, and other important information with reference to the complex invention, or in a great amount of correspondence which was going on between the inventor in Germany and his representatives here. These facts are shown, for the most part, by copies of letters or by diary entries. Correspondence between the inventor and the patent lawyer is shown. The patent attorney was required to familiarize himself with the details of the disclosure. The application was completed in September and sent to Thilo in Germany. The months of October and November are accounted for by waiting for the return of the application. After execution and return, it was filed in December. Some misunderstanding is shown between the parties as to who would prepare the application, and this fact caused some delay.

It is most earnestly urged by appellant that the record not only fails to show diligence, but affirmatively shows an intentional delay, on the part of Dubilier, in filing the patent application, inasmuch as it is conceded that Dubilier, who undertook the prosecution in the Patent Office of the various German disclosures, was of the opinion, at one time, that the Thilo disclosure threatened his business. It is urged that the long period of more than fifteen months between the date of introducing the invention into the United States and the date of filing the patent application is accounted for by Dubilier's intentional delay on account of business and commercial considerations.

A consideration of the evidence as a whole does not justify this conclusion. Dubilier freely admits that he fully realized that the invention might in many instances make the use of coupling condensers unnecessary. In our view, it was, therefore, regarded by him as being a matter of great importance that his company, the Radio Patents Corporation, should secure the fullest possible patent protection upon the Thilo disclosure. Much particularity and accuracy in drawings and specifications was thought to be essential. Thorough investigation and experimentation were, under the circumstances, properly regarded as highly important. We have no hesitancy in holding that, under the circumstances, the time spent in experimentation, and in securing accurate drawings and specifications, and information concerning the invention, was properly and reasonably spent. Thilo is to be commended, rather than condemned, for devoting what, under the cir-

cumstances, is a reasonable length of time to tests and experimentation as to the operation and practicability of the invention, rather than to hastily make application for an invention, the nature and usefulness of which might be little understood. Jones v. Evans, 46 F.(2d) 197, 18 C. C. P. A. 866.

It is further urged by the appellant that the fact that a number of other applications, involving other disclosures, which Dubilier brought from Germany, along with the one at bar, were filed in the Patent Office prior to the instant one, shows a lack of diligence on the part of Thilo in the reduction to practice of the instant invention. Turnbull v. Curtis, 1906 C. D. 67; Dyson v. Automatic Electric Co., 52 App. D. C. 82, 281 F. 586; Kinsman v. Kintner, 1908 C. D. 508; and other similar cases are cited as authority supporting appellant's contention that the filing of other applications before the application in issue was evidence of lack of diligence. Under certain circumstances, of course, the application of this principle, in determining diligence, is proper and ofttimes controlling; but under the circumstances of this case, this fact alone does not show lack of diligence. We think the record fairly and satisfactorily shows the reasons for the delay, which reasons are wholly consistent with the conclusion that the appellee was diligent during the period when diligence was required.

Thilo, being the first to conceive and second to reduce to practice, but showing diligence from the period just prior to Minorsky's entering the field to the date of Thilo's filing his application, should be regarded as the first inventor, and entitled to priority of invention of the subject-matter of the counts in issue, and we concur in the conclusions of the Patent Office tribunals to that effect.

The decision of the Board of Appeals is affirmed.

Affirmed.

LENROOT, Associate Judge, did not participate in this case.